UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SEAN WESLEY                                CIVIL ACTION NO. 16-cv-1332

VERSUS                                     JUDGE FOOTE

CLAIBORNE PARISH DETENTION                 MAGISTRATE JUDGE HORNSBY
CENTER, ET AL.

## MEMORANDUM ORDER

Plaintiff has filed a "Motion to Enjoin," seeking to prevent the Louisiana Department of Corrections "from taking more than 20% of funds above $10.00 in one thirty (3) [sic] day period" in order to pay the filing fee for his appeal. [Record Document 75]. For the reasons given below, the motion is **DENIED**.

After this Court granted summary judgment to Defendants, Plaintiff filed a notice of appeal and moved to proceed in forma pauperis ("IFP"). [Record Documents 63, 65, and 67]. This Court granted the motion. [Record Document 71]. Per the requirements of 28 U.S.C. § 1915(b), the Court assessed an initial partial filing fee of $20.83 and ordered:

> The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $505.00. The agency having custody of the appellant shall collect this amount from the trust fund or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the district court clerk.

[Id. at 1]. The Court issued this order on March 12, 2019 and forwarded it to the prison accounts officer at Raymond Laborde Correctional Center on the same day. [Id.]. The docket sheet indicates that the Court received payments of $20.83 and $26.00 on May 1, 2019. Plaintiff

1

complains that "[t]he collection of more than 20% of funds received monthly above $10.00 simultaneously within the same 30-day period for court costs rather than sequentially resulting in debt holds deprives plaintiff Wesley of his property without due process and contrary to 28 U.S.C. § 1915(b)(2) (1996); and my first amendment right to access to courts." [Record Document 75 at 1].

Plaintiff misunderstands the IFP procedures in the Prison Litigation Reform Act ("PLRA"). Under the PLRA:

> (b)(1) [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>     (A) the average monthly deposits to the prisoner's account; or
>     (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)–(2). This provision imposes two separate payment requirements. First, an inmate proceeding IFP must pay the initial partial filing fee as soon as funds are available in his or her account. *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (per curiam) (citing *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam); *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007)). Because "the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid," *id.* (citing *McGore*, 114 F.3d at 606), all of the funds in an inmate's account may be withdrawn to satisfy the initial partial filing fee. Once that fee has been paid, the monthly

payments to satisfy the remainder of the full filing fee must begin; it is those deductions that are limited to twenty percent of the previous month's income. *Id.* at 653–54 (citing *McGore*, 114 F.3d at 607). Because the two types of payment are separate, the statute does not support Plaintiff's reading that monthly withdrawals to satisfy the remainder of the full filing fee may only begin in the month following the payment of the initial partial filing fee. The statute merely indicates that funds should be attributed first to the initial partial filing fee and then to the remainder of the filing fee.

In other words, once IFP status is granted, an inmate must make the payment described in § 1915(b)(1) (20% of the account balance or deposits for the previous six months) <u>and</u> the payment described in § 1915(b)(2) (20% of the previous month's income on a monthly basis). The $20.83 represents the initial partial filing fee (pursuant to § 1915(b)(1)). [Record Document 71 at 1]. The $26.00, then, must represent a monthly payment (pursuant to § 1915(b)(2)). The Court does not know why the Department of Corrections waited until May 1, 2019 to debit Plaintiff's account for the initial partial filing fee even though the order demanding that fee was issued on March 12, 2019, but doing so did not violate the IFP provisions under which Plaintiff is proceeding.[1]

---

[1] In another pending PLRA case, Plaintiff filed an identical motion, which the Court denied. [Record Documents 102 and 103 in No. 16-1479]. To the extent that Plaintiff complains that he should not have to pay fees in both cases and that 20% of his income is the total amount that may be deducted monthly for all of his pending cases, this argument is foreclosed by Fifth Circuit precedent. *Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002) (per curiam) ("We hold that § 1915(b)(2) is unambiguous and mandates that prisoners pay twenty percent of their monthly income for each case filed.").

Finally, Plaintiff has not been deprived of access to the courts. His appeal is ongoing,[2] and the Fifth Circuit has made it clear that "[t]he obligation to pay filing fees, over time if necessary, is not an unconstitutional denial of access to the court system." *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997).

Therefore, Plaintiff's motion for injunctive relief [Record Document 75] is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 27th day of August, 2019.

```
                                    ELIZABETH E. FOOTE
                                    UNITED STATES DISTRICT JUDGE
```

---

[2] The Fifth Circuit's electronic filing system indicates that briefing is complete. [No. 18-31250].