UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SEAN WESLEY #372598 | CIVIL ACTION NO. 16-1332 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CLAIBORNE PARISH DETENTION CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

Before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), Defendants' motion to strike Plaintiff's motion for relief from judgment and motion for sanctions, and Plaintiff's motion to clarify his Rule 60(b) motion. Record Documents 81, 84, and 86. Plaintiff's motion to clarify his motion for relief from judgment [Record Document 86] is **GRANTED** and the Court will consider this as part of Plaintiff's original motion for relief from judgment. For the reasons stated herein, Defendants' motion to strike Plaintiff's motion for relief from judgment and motion for sanctions [Record Document 84] is **DENIED**. Plaintiff's motion for relief from judgment [Record Document 82] is likewise **DENIED**.

## I. Background

Plaintiff filed suit in 2018 alleging that Defendants violated the Eighth Amendment when they failed to treat him for hepatitis C while he was incarcerated at the Claiborne Parish Detention Center ("CPDC"). Record Documents 4, 15, and 54. Plaintiff and three of the four Defendants in this matter filed competing motions for summary judgment. Record Documents 37 and 46. The Magistrate Judge issued a Report and Recommendation that Defendants' motion for summary judgment be granted because even with all evidence

1

construed in Plaintiff's favor, no jury could conclude that Defendants were deliberately indifferent to Plaintiff's medical needs.[1] Record Document 57 at 8. In explaining the facts of the case, the Magistrate Judge cited to evidence in the record establishing that when Plaintiff was transferred to CPDC, CPDC received a Medical Transfer Summary from the Lasalle Correctional Center which listed Plaintiff's current medications, stated that he was a paranoid Schizophrenic, and stated "Hep C 1988, no treatment." Record Documents 57 and 37-5 at 2.

Plaintiff objected to the Report and Recommendation. Record Documents 58, 60, and 61. This Court considered Plaintiff's objections and ultimately adopted the Magistrate Judge's Report and Recommendation. Record Document 63. Plaintiff appealed to the Fifth Circuit. Record Document 65. At the Fifth Circuit, Plaintiff attempted to raise for the first time claims against Lasalle Management Company and "LaSalle Corrections." Record Document 79 at 3. The Fifth Circuit declined to review these claims for the first time on appeal, dismissed the appeal in part for lack of jurisdiction, and affirmed the Court's judgment in all other respects. *Id.* at 3-4. After the mandate issued from the Fifth Circuit, Plaintiff moved to recall the mandate, and the Fifth Circuit denied the motion. Record Document 80. Plaintiff then filed the instant motion for relief from judgment. Record Document 81.

Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) argues that he should be relieved from the judgment granting Defendants' motion

---

[1] The Report and Recommendation also recommended that the claims against the non-moving Defendant be dismissed because he was not properly served in the suit and because he was entitled to summary judgment on the merits. Record Document 57 at 10-11.

for summary judgment based on "attorney fraud and or perjury concerning a material issue of fact that would have prevented Summary Judgment in the defendants [sic] favor." Record Document 81 at 1. Plaintiff's motion to clarify his motion for Rule 60(b) relief adds details to his fraud allegations. Record Document 86. He states that the fraud occurred when "Defendants and counsel" suppressed evidence that LaSalle Management Company knew of and failed to treat his hepatitis C. Record Document 86 at 2. He alleges that he discovered this evidence suppression through documents he received during the discovery process in a different case, *Wesley v. LaSalle Mgmt. Co., L.L.C.*, No. 1:16-CV-01479, 2020 WL 598507 (W.D. La. Feb. 6, 2020). *Id.*

      Defendants respond by flatly denying any wrongdoing and noting that with their motion for summary judgment in this case, they submitted the records showing that LaSalle Management Company reported Plaintiff's claims of having hepatitis C to CPDC when he was transferred there. Record Document 83 at 3. They argue that anything related to LaSalle Management Company is irrelevant to this case because that company is not a party to the case. Record Document 87 at 1. They contend that Plaintiff has failed to support any of his assertions. *Id.* at 1-2. Defendants also filed their own motion to strike Plaintiff's motion for relief from judgment. Record Document 84. Defendants state that the motion should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because it has no basis in law or fact and is therefore "immaterial, impertinent, [and] scandalous." Record Document 84-1 at 2-3. They further argue that Plaintiff should be sanctioned or, at a minimum, issued a "strike" pursuant to 28 U.S.C. § 1915(g). *Id.* at 3-4.

## II. Law and Analysis

### A. Defendants' Motion to Strike

The Court will first address Defendants' motion to strike Plaintiff's motion for relief from judgment because, if granted, it would obviate the necessity of reaching the merits of Plaintiff's motion. Defendants contend that Plaintiff's motion for relief from judgment should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 7(a) defines "pleading" to include a complaint and an answer to a complaint. It does not include a motion for relief from judgment. Defendants' motion to strike Plaintiff's motion is therefore **DENIED**. *Smith v. Delta Fuel Co., Inc.*, No. 1:17-CV-01690, 2018 WL 3827481, at *3 (W.D. La. July 20, 2018), *report and recommendation adopted,* No. 17-CV-01690, 2018 WL 3827335 (W.D. La. Aug. 10, 2018) (denying a motion to strike a motion to dismiss on the grounds that a motion to dismiss is not a "pleading"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2020) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a).").

### B. Plaintiff's Motion for Relief from Judgment

Having concluded that striking Plaintiff's motion pursuant to Rule 12(f) is not appropriate, the Court must address the merits of Plaintiff's motion.[2] Plaintiff contends that

---

[2] The Court may properly consider this motion despite the fact that Plaintiff filed an appeal and the Fifth Circuit issued an opinion in this matter. *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 19 (1979) (per curiam) (holding that a district court may consider a Rule 60(b) motion after an appeal without leave from the appellate court); *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (holding that the mandate rule does not prevent a district

he should be relieved from the Court's judgment adopting the Report and Recommendation denying his motion for summary judgment and granting Defendants' motion for summary judgment. Record Documents 81 and 86. He argues that this is justified because Defendants fraudulently failed to disclose a report written by LaSalle Correctional Center and given to CPDC upon his transfer to CPDC which Plaintiff alleges shows that he had been previously diagnosed with hepatitis C. *Id.* He contends that Defendants hid this information from him and from the Court in order to suppress Plaintiff's diagnosis and win summary judgment in their favor. *Id.*

Plaintiff is correct that a court may excuse a party from a judgment based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). However, he has failed to adequately allege or prove that any fraud occurred in this case. His allegations of fraud and evidence suppression are directly contradicted by the fact that Defendants filed the report at issue in Plaintiff's instant motion into evidence in this case. Record Document 37-5 at 2. This information was therefore available to Plaintiff before he replied to Defendants' motion for summary judgment and he could have used that evidence in opposing the motion for summary judgment. In fact, the Magistrate Judge included and considered this evidence in the Report and Recommendation which this Court adopted. Record Document 57 at 3. Thus, there is no merit to the argument that Defendants hid evidence from the Court. Further, if there was any failure to provide Plaintiff with these documents during discovery in this case, it had no impact because Plaintiff still had access to the evidence in time to use it to respond to Defendants' motion for summary judgment

---

court from considering a Rule 60(b) motion when the orders issued by the appellate court did not "expressly or impliedly" decide the issue raised in the Rule 60(b) motion).

and because the Court considered the evidence. Plaintiff's motion for relief from judgment [Record Document 81] is therefore **DENIED**.

### C.  Defendants' Motion for Sanctions

Defendants argue that Plaintiff should be issued a "strike" pursuant to 28 U.S.C. § 1915(g). Record Document 84-1 at 3-4. They argue that this is appropriate because this action was frivolous and because Plaintiff's appeal in this action was frivolous. *Id.* at 4. As evidence of the frivolity, Defendants point to the fact that Plaintiff's claims "were dismissed using his own jail records" and the fact that Plaintiff failed to "address the relevant legal standard under which the district court decided Defendants'" motion for summary judgment. *Id.*

> 28 U.S.C. § 1915(g) states that:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, a "strike" is appropriate when an "action or appeal" is "dismissed *on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.*" 28 U.S.C. § 1915(g).

In this case, neither Plaintiff's action nor his appeal was dismissed on the grounds that they were frivolous. The Report and Recommendation adopted by the Court dismissed Plaintiff's claims because he failed to present evidence creating a genuine issue of material fact regarding whether he had a serious medical need while in Defendants' custody and whether Defendants were deliberately indifferent to that need. Record Document 57 at 7.

6

It was not dismissed as frivolous, malicious, or for failure to state a claim. Record Documents 57 at 13 and 63. Plaintiff's appeal was in part dismissed for lack of jurisdiction, in part denied because Plaintiff attempted to raise new arguments for the first time on appeal, and otherwise adjudicated on the merits. Record Document 79. The Fifth Circuit did not conclude that Wesley's appeal was frivolous, though they did affirm this Court's judgment. *Id.* Defendants' motion for the Court to issue a "strike" pursuant to § 1915(g) is therefore **DENIED**.

### III. Conclusion

For the aforementioned reasons, Plaintiff's motion to clarify his Rule 60(b) motion [Record Document 86] is **GRANTED**. Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) [Record Document 81] is **DENIED**. Defendants' motion to strike the Rule 60(b) motion and motion for sanctions [Record Document 84] is **DENIED**.

**THUS DONE AND SIGNED** this 2nd day of March, 2021.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE